IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

JEFFREY J. WRIGHT,     )
              )
    Plaintiff,     )  TC-MD 130054C
              )
   v.         )
              )
DEPARTMENT OF REVENUE,   )
State of Oregon,       )
              )
    Defendant.    ) **DECISION**

This matter is before the court on Plaintiff's Motion for Summary Judgment and

Defendant's Cross-Motion for Summary Judgment. Plaintiff appeals Defendant's Notices of

Deficiency Assessment (Notices) for tax years 2009 and 2010. Plaintiff is represented by E.

Theodore Lukasewycz, CPA. Defendant is represented by Sharon J. Watson, Tax Auditor,

Oregon Department of Revenue. A case management conference was held on May 6, 2013.

Plaintiff's Exhibits 1-12[1] and Defendant's Exhibit A were admitted without objection.

## I. STATEMENT OF FACTS

Jeffrey Wright, Plaintiff, is a resident of Washington State. (Stip Facts at 1.) He is

employed by Fresenius Medical Care of North America (FMC) headquartered in Waltham,

Massachusetts. (*Id*.) Plaintiff has worked as a driver for FMC in Portland, Oregon, since 2000.

(*Id*.) "The delivery truck he drives has a gross vehicle rating of 44,000 lbs. Its USDOT number

is #0387474 and its Oregon Department of Transportation number is #292453." (*Id*.) His daily

responsibilities "are to meet a long-haul truck at the Portland cross-dock bringing dialysis

supplies from the company's distribution center in Shasta, California." (*Id*.) Plaintiff unloads

---

[1] Plaintiff submitted Exhibits 8-10 on May 13, 2013, and Exhibits 11-12 on May 28, 2013. Defendant did not object to any of Plaintiff's exhibits.

the supplies from the long-haul truck, loads them onto his own truck, and "delivers those supplies throughout an area which includes Southwest Washington and Northwest Oregon." (*Id.*) "Because each day's orders may be from a different set of customers his route varies from day to day but his deliveries cross into Washington State on a regular and consistent basis." (*Id.*) According to the payroll coordinator for FMC "Jeff Wright is a non[-]exempt employee of Fresenius USA Manufacturing and he is under the jurisdiction of the Fair Labor Standard[s] Act for overtime." (Def's Status Rep at Ex A-2, May 1, 2013.)

Plaintiff "filed his Oregon income tax returns as an Oregon nonresident * * * [and] claimed an exemption from Oregon income tax under the Amtrak Act." (Stip Facts at 2.) Defendant subsequently issued Notices on December 14, 2012 for the 2009 and 2010 tax years. (*Id.*) Both Notices were premised on Defendant's position that Plaintiff does not qualify for exemption under the Amtrak Act because Plaintiff is listed as "non-exempt" under the overtime requirements of the Fair Labor Standards Act on FMC's personnel and payroll records. (*Id.*) Under Oregon Administrative Rule (OAR) 150.316.127-(E)(2) a nonresident motor carrier employee is eligible to claim an exemption under the Amtrak Act if, among other requirements, the employee is subject to the jurisdiction of the Secretary of Transportation and not covered under the overtime requirements of the Fair Labor Standards Act (FLSA). Defendant denied Plaintiff's exemption stating "[b]ecause you ARE covered under the rules of the Fair Labor Standards Act by your employer, you are NOT subject to the jurisdiction of the Secretary of Transportation for hours of service and therefore NOT eligible for the Amtrak Act exclusion." (Ptf's Ex 7 at 8.)

/ / /

/ / /

## II. ISSUE

The ultimate issue for the court to decide is whether Plaintiff is under the jurisdiction of the Secretary of Transportation, thereby exempting him from Oregon income tax under the Amtrak Act, or whether Plaintiff is covered by the overtime requirements of the FLSA and therefore subject to Oregon tax pursuant to OAR 150.316.127-(E)(2).

## III. ANALYSIS

Under ORS 316.127, a nonresident is subject to Oregon tax for the portion of income attributable to work performed in Oregon. *Id*.; OAR 150.316.127.[2] However, under federal law (Amtrak Act), specific types of employees regularly assigned to work in multiple states are subject to tax only in their state of residence. 49 USC § 14503. An inter-state motor carrier is one such specific employee. *Id*. The Amtrak Act states, in part:

> "**(1) In general**. - No part of the compensation paid by a motor carrier providing transportation subject to jurisdiction under subchapter I of chapter 135 or by a motor private carrier to an employee who performs regularly assigned duties in 2 or more States as such an employee with respect to a motor vehicle shall be subject to the income tax laws of any State or subdivision of that State, other than the State or subdivision thereof of the employee's residence.
>
> "**(2) Employee defined.** – In this subsection, the term 'employee' has the meaning given such term in section 31132."

49 USC § 14503(a)(1) and (2). The Amtrak Act "was adopted to relieve both employers and employees from the burden of paying, respectively, employment and income taxes in multiple states." *Julian v. Dept. of Rev.*, 17 OTR 384, 387 (2004) (citations omitted), *rev'd on other grounds*, 339 Or 232, 118 P3d 798 (2005).

The parties do not dispute Plaintiff's status as an employee under the *federal* statute, and agree that he meets the other requirements of section 14503 of the Amtrak Act set forth above.

---

[2] All references to the Oregon Revised Statutes (ORS) and the Oregon Administrative Rules (OAR) are to 2007.

Rather, Defendant's argues Plaintiff is not entitled to relief under the Amtrak Act by virtue of OAR 150-316.127-(E)(2). Under the rule a nonresident motor carrier employee is eligible to claim an exemption from Oregon income tax under the Amtrak Act if, in addition to the requirements of 49 USC, section 14503, the employee:

"(C) Is subject to the jurisdiction of the U.S. Secretary of Transportation; and

"(D) *Is not covered under the overtime requirements of the Fair Labor Standards Act* (if the employee is properly listed as 'non-exempt' in personnel and payroll records. This means that the employee is covered under the rules of the Fair labor Standards Act and thus is not subject to the jurisdiction of the Secretary of Transportation)[.]"

OAR 150-316.127-(E)(2)(a)(C)-(D) (emphasis added.)

Defendant argues that because Plaintiff is listed as a non-exempt employee on FMC's payroll, he is "not subject to the jurisdiction of the Secretary of Transportation (USDOT) * * * and therefore [is] not eligible for the Amtrak Act exclusion." (Ptf's Ex 7 at 8.) (Emphasis omitted.)

Plaintiff responds that he is eligible for the Amtrak Act exemption because he is improperly listed as a non-exempt employee covered by the overtime requirements of FLSA. (Ptf's Resp at 4.) Plaintiff argues that "FLSA specifically exempts motor carriers and motor private carriers from its overtime requirements." (Ptf's Mot for Summ J at 2.) The provision of FLSA that Plaintiff relies on states "section 207 of this title [(overtime provision)] shall not apply with respect to any – (1) employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of title 49[.]" 29 USC § 213(b). Plaintiff insists that under section 31502 of title 49 of the United States Code (USC) he is an employee with respect to whom the Secretary of Transportation has the power to establish qualifications and maximum hours of service, so the

overtime provision of FLSA does not apply to him.  (Ptf's Mot for Summ J at 2.)  The court agrees.

Section 31502 of title 49 of the USC establishes requirements for qualifications, hours of service, safety, and equipment standards.  Section (b) reads:

"The Secretary of Transportation may prescribe requirements for –

"(1) qualifications and maximum hours of service of employees of, and safety of operation and equipment of, a motor carrier; and

"(2) qualifications and maximum hours of service of employees of, and standards of equipment of, a motor private carrier, when needed to promote safety of operation."

49 USC § 31502(b).

The provisions of 49 USC § 31502 apply to transportation by motor carriers transporting products "between a place in – (A) a State and a place in another State * * * and (2) * * * on a public highway."  49 USC § 13501(1)-(2); *See* 49 USC § 31502(a).  Plaintiff argues that because the Secretary of Transportation may prescribe qualifications and maximum hours for motor carriers, he is under the jurisdiction of the Secretary of Transportation.  (Ptf's Mot for Summ J at 2.)  Plaintiff argues that his employer's resulting "classification of [him] as a non-exempt employee is 'not proper' and the basis for denying him relief from Oregon taxation of his wages under OAR 150-316.127-(E)(2)(a)(D) is also improper."  (Ptf's Mot for Summ J at 3.)

### III.  CONCLUSION

In order for Plaintiff's income to be exempt from Oregon income tax under the Amtrak Act, Plaintiff must be subject to the jurisdiction of the Secretary of Transportation.  Plaintiff presented statutory authority to establish that motor carriers transporting products between two states are under the jurisdiction of the Secretary of Transportation.  Although he is listed as non-exempt from the overtime requirements of FLSA on personnel and payroll records, Plaintiff

established by a preponderance of the evidence that he is not subject to the overtime requirements of the FLSA by virtue of the exception in section 213(b) of that Act. Accordingly, Plaintiff qualifies for exemption from Oregon income taxes under the Amtrak Act. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's request for an exemption from Oregon income taxes under the Amtrak Act for tax years 2009 and 2010 is granted.

Dated this ___ day of August 2013.

_____
DAN ROBINSON
MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This Decision was signed by Magistrate Dan Robinson on August 16, 2013. The court filed and entered this Decision on August 16, 2013.*